George M. Fanelli, J.
In this proceeding brought under article 78 of the CPLB petitioner Village of Walden seeks an order annulling a resolution adopted by the Town of Montgomery wherein it refused to give its consent to petitioner’s request that a certain parcel of adjoining uninhabited land be annexed to said village. Bespondent cross-moves to dismiss *217 the petition because of legal insufficiency and upon the further ground that this court lacks jurisdiction to entertain a judicial review of respondent’s refusal to give such consent.
This proceeding deals with the “Municipal Annexation Law” (General Municipal Law, §§ 700-719) recently adopted by the Legislature (L. 1963, ch. 844, eft. Jan. 1, 1964) for the purpose of providing a general procedure for the annexation of territory from one local government to another.
The court is of the opinion that the position urged by respondent is well taken. Irrespective of whether respondent’s refusal to give its consent to the proposed annexation was or was not in the ‘ ‘ over-all public interest ’ ’ of the town because of the alleged loss of assessed valuation, any judicial review of such decision by respondent must be addressed to the Appellate Division of the Supreme Court (General Municipal Law, § 712). Moreover, the questions of whether the “ over-all public interest” standard referred to throughout article 17 (§ 700 et seq.) and the procedures outlined therein, are vague, inconsistent and unconstitutional, are also matters which must be resolved by the Appellate Division rather than by this court. Even though section 706 permits a Town Board to consent to such an annexation of uninhabited territory without the presentation to it of the petition prescribed in section 704 of article 17 and without the holding of the hearing provided in section 705, nevertheless, it seems from a reading of article 17 as a whole that the Legislature provided that the only tribunal which can entertain a judicial review regarding the granting of or refusal to grant consent to an application for annexation of territory, inhabited or uninhabited, is the Appellate Division located in the judicial district embracing any county in which all or part of the territory proposed to be annexed is located (§ 712, subds. 1, 2). It may well be, as urged by respondent, that the proper procedure to be followed by petitioner in this case is by way of formal petition prescribed in sections 703 and 704 rather than the more simplified procedure outlined in section 706 and used by petitioner in the case at bar. However, this memorandum decision is not to be construed by either party, one way or the other, as any indication of this court’s opinion regarding the proper procedure to be used in the factual situation presented herein.
Accordingly, petitioner’s application is denied; and respondent’s cross motion to dismiss is granted, upon the ground of lack of jurisdiction, all without costs and without prejudice.